*Moreau* & *Dennis* for the plaintiff, *Seghers* for the defendant.

East'n District.
*May*, 1824.

LE CESNE
*vs.*
COTTIN.

———◦✦◦———

### MORRIS vs. HATCH.

APPEAL from the court of the fourth district.

PORTER, J. delivered the opinion of the court. In this action the plaintiff claims three hundred and seventy five dollars from the defendant, for wages for one year, as overseer. The defendant pleads the general issue.

The cause was submitted to a jury, who found as follows, " verdict in favor of the plain-

Part of the facts at issue may be submitted to a jury. Supreme court will not reverse the judgment below, if the case turns on the credit due to a witness.

East'n District.
*May*, 1824.

MORRIS
*vs.*
HATCH.

tiff," a new trial was moved for in the inferi- or court, which was refused, and judgment rendered for the amount claimed in the peti- tion. The defendant appealed.

It is objected in this court, that the verdict of the jury is irregular and must be set aside, because it does not find the whole matter at issue—which was not merely whether the plaintiff were entitled to recover, but how much.

This objection, which is taken from the com- mon law, would perhaps be fatal in countries governed by that system ; for as the courts cannot there decide on any question of fact which is disputed, the verdict must find on the whole matter at issue, to enable a judgment to be rendered.

In this state a different rule has been estab- lished, questions of fact may be acted on by the court ; part of the matters at issue, or the whole, may be submitted to a jury. The judge in giving judgment, may take the matters found by the verdict, and the evidence given on other branches of the cause, and render judgment on both—this is every day's practice.

Aga.n. The supreme court which has the power to decide contrary to the jury, when all the evidence comes up, may if that finding

be insufficient disregard it entirely, and pass upon the proof appearing on record.

East'n District.
May, 1824.

MORRIS
vs.
HATCH:

On either ground therefore this case must now be examined on its merits, and being satisfied that the position first assumed is correct, the plaintiff must, so far as the jury have found, have the benefit which parties possess in this tribunal, who come into it with a verdict in their favour, on a question of fact.

The point really disputed in this case, and to which the evidence taken below appears to have been principally directed, was whether the plaintiff had a right to dismiss the defendant from his service, before the term for which he was engaged had expired. With the exception of one witness, the weight of evidence is in favor of the latter—the jury must have considered his testimony unworthy of credit in rendering the verdict which they did—the judge must have been of the same opinion in refusing a new trial. We do not know the witness, we had not the advantage of seeing and hearing him give his testimony, and so situated, we cannot say that that the tribunal which had so much better means than we possess, of ascertaining what credit was due to his testimony, erred in refusing it any.

It is therefore ordered, adjudged and de-

creed, that the judgment of the district court be affirmed with costs.

*White* for the plaintiff, *Morse* for the defendant.